IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Mohammed Bilal Akbar** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15cv338 (AJT/TCB) |
| | ) | |
| **Harold W. Clarke,** | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Mohammed Bilal Akbar, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions entered in the Loudoun County Circuit Court, Virginia. On April 14, 2016, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Dkt. Nos. 14, 15, 16. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and the matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted.

### I. Background

Petitioner is detained pursuant to a final judgment of the Loudoun County Circuit Court entered on April 24, 2012. A jury convicted petitioner of robbery, in violation of Va. Code § 18.2-58, and use of a firearm in commission of a robbery, in violation of Va. Code § 18.2-53.1. Case Nos. 22458-00, -01; Dkt. No. 16, Ex. 2. Petitioner was sentenced to eight (8) years incarceration. Id.

Petitioner appealed his convictions, contending that the trial court erred in denying his motion to set aside the verdict based upon the prosecutor's allegedly improper closing argument. Petitioner also argued that the trial court erred in refusing to consider mitigating evidence at

sentencing, and that the trial court should have modified the jury's recommended sentence. The Court of Appeals of Virginia denied petitioner's appeal on November 29, 2012. Rec. No. 0795-12-4. A three-judge panel then upheld that denial on January 31, 2013. Id. Petitioner filed a second-tier appeal in the Supreme Court of Virginia, which refused his appeal on July 24, 2013. Rec. No. 130366. Petitioner's petition for rehearing was subsequently denied by the Supreme Court of Virginia on September 23, 2013. Id.

After pursuing his direct appeal, on July 8, 2014 petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following grounds:

> A. Petitioner was denied the effective assistance of counsel when counsel failed to ensure that petitioner was evaluated for youthful offender status at sentencing.
>
> B. The circuit court never assumed jurisdiction over Mohammed Bilal Akbar, the petitioner, in his natural capacity. Since the Circuit Court never assumed jurisdiction over him, he could not be considered a natural person, and the only sentence he should have received under Va. Code § 18.2-10(g) was a fine.

Rec. No. 141057. On December 17, 2014, the Supreme Court of Virginia granted the respondent's Motion to Dismiss. Dkt. No. 16, Ex. C. The Supreme Court of Virginia then refused petitioner's petition for a rehearing on March 5, 2015. Dkt. No. 16, Ex. D.

On March 9, 2015, petitioner filed a Motion to Vacate Void Judgment in the Loudoun County Circuit Court, arguing that the robbery indictment was insufficient as a matter of law under the Sixth Amendment Notice Clause and the Fourteenth Amendment Due Process Clause. Dkt. No. 16, Ex. E. Petitioner contended that Count 2 of the indictment, which alleged robbery, failed to inform him of any specific act or intent of the crime. Petitioner reasoned that because the robbery conviction was void due to the lack of notice in the indictment, the use of a firearm in aid of a robbery conviction (Count 1) ought to be vacated as well. Id. The Loudoun County Circuit Court denied petitioner's Motion to Vacate on April 15, 2015. Dkt. No. 16, Ex. F. The Supreme Court of Virginia refused petitioner's appeal of the denial on February 5, 2016. Dkt.

2

No. 16, Ex. G.

On or about March 16, 2015, petitioner filed the instant federal petition, wherein he challenges his convictions on the following grounds:

> (1) Petitioner was denied due process when the robbery indictment did not clearly notify him of the crime with which he was accused. Because robbery is a common law crime in Virginia, neither the indictment nor the referenced statute set out the elements of the offense. Accordingly, the indictment was insufficient as a matter of law.
>
> (2) Petitioner was denied due process because he was charged as a corporation, rather than as a natural person. Because Va. Code § 18.2-10(g) provides that defendants who are not natural persons are punishable by fine, rather than by imprisonment, the indictment was defective, and the trial court's sentencing order exceeded its jurisdiction under Va. Code § 18.2-10(g).
>
> (3) Virginia does not have jurisdiction in personam over petitioner.
>
> (4) Counsel was ineffective for failing to raise grounds 1-3.

See generally Dkt. No. 1.

## II. Exhaustion

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts first. See 28 U.S.C. 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, the petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995); Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) ("mere similarity of claims is insufficient to exhaust" state remedies). In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that

his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844. Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that he properly presented his claim, including the operative facts and controlling legal principles, to the state courts in accordance with the state's "chosen procedural scheme." Mallory, 27 F.3d at 995, see also Kasi v. Angelone, 300 F.3d 487, 501-01 (4th Cir. 2002).

Stated simply, in order to properly exhaust a claim prior to filing a § 2254, petitioner must have presented the same legal argument and factual support to the Supreme Court of Virginia on direct appeal, in an original jurisdiction state habeas corpus petition, or in a habeas appeal from a circuit court's denial of habeas relief. See 28 U.S.C. § 2254(b).

Petitioner's Claims 1, 2, and 3 have been exhausted. Petitioner presented his current Claim 1 to the Supreme Court of Virginia by way of his petition for appeal from the Loudoun County Circuit Court's denial of his Motion to Vacate Void Judgment. Petitioner presented his current Claims 2 and 3 to the Supreme Court of Virginia by way of his state habeas petition. Thus, he has exhausted these claims for purposes of federal habeas review. Pethtel v. Ballard, 617 F.3d 299, 306 (4th Cir. 2010).

### III. Procedural Default

If a state court finds, based upon an adequate and independent state-law ground, that a claim is procedurally defaulted from review, then the claim is not reviewable by the federal habeas court. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal

4

citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

If it is clear that a claim asserted in federal habeas review has never been raised in state court, but would presently be deemed procedurally defaulted under clearly established, regularly enforced state law, then, absent a showing of cause for the default and prejudice arising from the claim, that claim must be deemed simultaneously exhausted and procedurally defaulted for purposes of federal habeas review. Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Burket v. Angelone, 208 F.3d 172, 183 n.11 (4th Cir. 1999).

i. Claim 4 is Exhausted and Procedurally Defaulted

In Claim 4, petitioner alleges that his counsel was ineffective for failing to raise Claims 1, 2, and 3 at trial or on direct appeal. This Claim 4 has never been presented to the Supreme Court of Virginia; however, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray, 518 U.S. at 161-62). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. Because Virginia's statute of limitations and statutory bar on successive petitions prevent petitioner from now bringing his Claim 4 before the Supreme Court of Virginia, Claim 4 must be deemed exhausted and defaulted. See Va. Code § 8.01-654(A)(2) (providing one-year limitations period); Va. Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition."). Here, petitioner's unexhausted claim is incapable being brought before the Supreme

Court of Virginia, and Claim 4 must be deemed simultaneously exhausted and procedurally defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

### a. Petitioner has not established cause and prejudice to excuse his default

A petitioner may only overcome a state default by establishing cause and prejudice for that default, or by showing that there has been a fundamental miscarriage of justice. Martinez v. Ryan, 132 S.Ct. 1309 (2012); McNeil v. Polk, 476 F.3d 206, 211 (4th Cir. 2007). The existence of cause ordinarily turns upon a showing of: (1) a denial of effective assistance of counsel; (2) a factor external to the defense which impeded compliance with the state procedural rule; or (3) the novelty of the claim. Coleman, 501 U.S. at 753-54. To show "prejudice," a petitioner must show an alleged constitutional violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). A court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995). In this case, petitioner has not pled, nor can he show, cause and prejudice, nor a fundamental miscarriage of justice to overcome the procedural default, and Claim 4 must be dismissed.

### IV. Standard of Review

When a state court has previously addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this

standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke,

545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## V. Analysis

Petitioner alleges that his convictions are void because the indictment was legally insufficient and because Virginia never had jurisdiction over him as a natural person. Respondent acknowledges that Claims 1, 2, and 3 are not procedurally barred, and that petitioner has exhausted these claims by presenting them to the Supreme Court of Virginia.

i. Claim 1

In Claim 1, petitioner argues that he was denied due process when the indictment failed to notify him of the crime with which he was being accused. Petitioner contests that because robbery is a common law crime in Virginia, neither the indictment nor the referenced statute clearly set out the elements of that particular offense. Accordingly, petitioner argues that the robbery conviction is unconstitutional because the indictment was insufficient as a matter of law.

The robbery indictment at issue stated:

> MOHAMMED BILAL AKBAR, on or about August 20, 2010, in the County of Loudoun, did feloniously and unlawfully rob Diego Lopez by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting Diego Lopez in fear of serious bodily harm, in violation of Section 18.2-58 of the Code of Virginia.

Dkt. No. 16, Ex. A.

Virginia Code § 18.2-58 provides:

> If any person commit robbery by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony and shall be punished by confinement in a state correctional facility for life or any term not less than five years.

The Loudoun County Circuit Court rejected petitioner's challenge to the sufficiency of the indictment by denying petitioner's Motion to Vacate Void Judgment. The state court specifically held:

> [Petitioner's] argument that the indictment does not inform him of intent fails because [petitioner] was given the common law name of the offense, robbery. Therefore [petitioner] was on notice of the offense charged and its requisite intent: "Robbery at common law is defined as the taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Johnson v. Commonwealth, 215 Va. 495, 496 (1975). See Waters v. Commonwealth, 29 Va. App. 133, 136 (Va. Ct. App. 1999) (Finding that the indictment sufficiently stated the offense of robbery by providing, "Waters did unlawfully and feloniously rob Pizza Hut, Gloucester Pt., Virginia". Thus, no statement of intent was required).
>
> Second, the indictment adequately informs [petitioner] of the act. When describing the event charged, the indictment or information may use the name given to the offense by the common law, or the indictment or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged. In this case, [petitioner] was indicted for felonious and unlawful robbery of Diego Lopez by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting Diego Lopez in fear of serious bodily harm, in violation of § 18.2-58 of the Code of Virginia. § 18.2-58 provides that if any person commits robbery by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony. Thus, the indictment used the name given to the offense by the common law, robbery, and stated so much of the statutory definition of the offense as was sufficient to advise what offense was charged. Further, as the Commonwealth notes, [petitioner] was arraigned prior to the commencement of the jury trial and advised the Court that he was aware of the charges against him and Judge Chamblin found that [petitioner] understood the charges.
>
> [Petitioner] holds issue with the fact that the specific form of violence by which the robbery was committed was not provided in the indictment. [Petitioner] cites Commonwealth v. Stollings, 11 Va. L. Reg. 148 (1905) for this proposition. The annotations of § 18.2-58 explain that in this case "[a] demurrer was sustained to an indictment for robbery, which only alleged that the accused made 'an assault and in bodily fear feloniously did put and violently did take and steal,' but did not set out the form of violence, whether it was by strangulation, or suffocation, of striking, or beating, etc., the court holding that it was necessary to state specifically the form of violence by which the robbery was committed." Thus, this ruling pertained to a ruling on Demurrer as opposed to a finding that

> the [petitioner's] due process rights were violated in not providing enough on the face of the indictment to charge the [petitioner] with the commission of an offense known to the law. Further, potential theories of violence were provided in the current indictment, simply in the alternative.
>
> [Petitioner] also cites Mitchell v. Commonwealth, 141 Va. 541, 551 (1925) for the following proposition: "If a statute . . . makes it a crime to do this, or that, or that, mentioning several things disjunctively, the indictment may, indeed, as a general rule, embrace the whole in a single count; but it must use the conjunctive 'and' where 'or' occurs in the statute, else it will be defective as being uncertain." [Petitioner] asserts that the indictment in this case is fatally defective for lack of specificity in that it provides the violence element as: "partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting Diego Lopez in fear of serious bodily harm". The Mitchell case refers to statutes defining multiple offenses in the disjunctive, not statutes that define one offense that provides alternative methods of proving it has been violated in a disjunctive manner. In this case, each method that may satisfy the method element of robbery is not a separate offense. Therefore, the indictment was for only one offense, robbery, and so it did not need to contain multiple charges to be stated in the conjunctive as provided in Mitchell. See Robbins v. Commonwealth, 2014 Va. App. LEXIS 173 (Va. Ct. App. May 13, 2014) (Code § 18.2-266 criminalizes driving under the influence, with subsections providing alternative methods of proving that the statute has been violated. Each subsection is not a separate offense. Therefore, a warrant referencing the various subsections only charges one offense, not multiple charges to be stated in the conjunctive."). [Petitioner] was adequately advised of the charges against him.
>
> Lastly, [petitioner] argues that the indictment could not be used to bar a subsequent prosecution for the same offense. [Petitioner] does not cite any statutory or case law for this proposition. Regardless, [petitioner] was indicted on a robbery charge and such could be used to bar a subsequent prosecution for the same offense.

Dkt. No. 16, Ex. F at 5-8. After the trial court denied petitioner's Motion to Vacate Void Judgment, and the Supreme Court of Virginia refused petitioner's appeal of the trial court's denial.[1] The state court did not rely upon an unreasonable finding of facts in making its decision. Additionally, the state court judgment is not contrary to, nor an unreasonable application of federal law and the Supreme Court's standard for the sufficiency of indictments enunciated in Hamling v. United States, 418 U.S. 87, 117 (1974).

---

[1] For purposes of § 2254 review, this Court looks to the last reasoned state court judgment, which is the Loudoun County Circuit Court's Order denying petitioner's Motion to Vacate Void Judgment. See Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991).

Under the Notice Clause of the Sixth Amendment, a criminal defendant has the right "to be informed of the nature and cause of the accusation" against him. U.S. Const. amend VI. An indictment satisfies these constitutional requirements if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, . . . enabl[ing] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling, 418 U.S. at 117; see also Russell v. United States, 369 U.S. 749, 763-64 (1962).

Generally, an indictment is considered sufficient "if it alleges an offense in the words of the statute, assuming those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence." United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999) (internal citations omitted); see also United States v. American Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir. 1987) (An indictment is "generally sufficient" if it "set[s] forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished of the offenses."). A description of the offense must be "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description with which he is charged." Hamling, 418 U.S. at 117-18. These constitutional requirements are "fully honored by Virginia Code § [] 19.2-220, . . . [which] requires that an indictment name the accused, describe the offense charged, identify the location of the alleged commission, and designate a date of the offense."[2] Simpson v. Commonwealth, 267 S.E.2d 134, 138 (Va. 1980).

---

[2] Va. Code § 19.2-220 provides:
The indictment or information shall be a plain, concise and definite written statement, (1) naming

11

In petitioner's criminal case, in compliance with Constitutional standards and Va. Code § 19.2-220, the indictment tracked the associated statutory language, listed elements of the robbery charge, and referenced the common law name of the charge. Petitioner does not contend that he was prejudiced in preparing his defense, but instead claims he is entitled to federal habeas relief because his alleged lack of notice is a jurisdictional bar to his conviction. Dkt. No. 1 at 17. However, petitioner was on notice of the offense charged, including the requisite intent and method elements of robbery. Additionally, petitioner entered not guilty pleas prior to trial and stated that he understood the nature of the charges against him. Dkt. No. 16, Ex. B, Att. 14 ("Trial Tr.") at 79-81. Petitioner subsequently put on a vigorous defense at trial, challenging the Commonwealth's proof that he was the perpetrator of the crime by attacking witness identifications, challenging the Commonwealth's fingerprint evidence that placed him at the scene of the crime, and putting on contradicting evidence regarding the description of his appearance at the time of the crime. Id. at 87-123, 150-55, 169-87, 205-12.

Because the state court's determination that the indictment was legally sufficient was factually reasonable and conformed with applicable federal principles, that result may not be disturbed here, and Claim 1 must be dismissed.

ii. Claims 2 and 3

In Claims 2 and 3, petitioner essentially claims that he is not "amenable to the Code of Virginia," and further contends that the judgment of the trial court convicting him was void ab initio. Petitioner maintains that, because the indictment named the accused as "MOHAMMED

---

the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date. In describing the offense, the indictment or information may use the name given to the offense by the common law, or the indictment or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged.

BILAL AKBAR," when his name is in fact "Mohammed Bilal Akbar," the name in the indictment was a "corporate fiction" created by the government. See generally Dkt. No. 1. Virginia Code § 18.2-10(g) does provide, in part, that "if the defendant is not a natural person, the court shall only impose a fine." Thus, petitioner argues that because the indictment did not name him as a natural person, the only sentence that should have been imposed on him was a fine, and his prison sentence is void because the trial court never assumed jurisdiction over him as a natural person. Dkt. No. 1 at 8-9, 17-19.

> The Supreme Court of Virginia rejected this claim as "without merit," holding:

> The record demonstrates petitioner was indicted as a natural person and not as a corporation. Because he was indicted as a natural person who was alleged to have committed a crime, the trial court had "exclusive original jurisdiction" for the trial of all indictments for offenses petitioner committed within its circuit. Code § 19.2-239.

Dkt. No. 16, Ex. C at 2.

Besides petitioner's conclusory assertion that his name ought to have been printed in lowercase letters on the indictment, there is absolutely no indication that petitioner was indicted as a corporation. Petitioner's arguments in Claims 2 and 3 are very similar to frequently heard "sovereign citizen" claims, which are wholly frivolous. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."), cert. denied, 132 U.S. 1051 (2012); United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (defendant claimed he was "outside" the jurisdiction of the United States; however, the court

found this argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion").

Accordingly, the state court judgment was not factually unreasonable, and it was not contrary to, nor an unreasonable application of federal law. Therefore, the state court's result is entitled to deference, and Claims 2 and 3 must be dismissed.

## VI. Conclusion

For the foregoing reasons, the petition must be dismissed. An appropriate Order shall issue.

Entered this 1st day of August 2016.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge